UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEFFERY WILLIAMS,

                              Plaintiff,

   -against-

SOHO COFFEE BEANS LLC d/b/a HARAZ
COFFEE HOUSE and TASHIKAN
CORPORATION,

                              Defendants
-------------------------------------------------------------x

Caso No.  1:25-cv-7833

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Soho Coffee Beans LLC d/b/a Haraz Coffee House and Tashikan Corporation (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.     This case arises from the defendants' ongoing and unlawful discrimination against individuals with disabilities. Plaintiff seeks injunctive, declaratory, and equitable relief, together with compensatory and punitive damages, as well as attorney's fees and costs, for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law.

2.     Defendants own, operate, lease, or control a public accommodation that is not accessible to persons with disabilities, in direct violation of the above statutes and their implementing regulations. They are legally responsible for the discriminatory conditions at their establishment, including the conduct of their employees and agents.

3.     Rather than complying with established accessibility standards, defendants made a deliberate choice to cut corners, assuming they would avoid scrutiny. In doing so, they have effectively signaled to disabled patrons that their business does not value them as

1

customers. Plaintiff brings this action to hold defendants accountable and to compel them to bring their business into compliance so that he, and others with disabilities, can enjoy equal access to the goods and services defendants offer.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12188, as the claims arise under the Americans with Disabilities Act. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state and city law claims, as those claims are related to and form part of the same case or controversy.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory practices described herein occurred within this District, and the public accommodation at issue is located here.

## PARTIES

6.      Plaintiff Jeffery Williams resides in New York County, New York. At age thirteen he sustained a spinal cord injury from a gunshot wound, leaving him permanently reliant on a wheelchair for mobility and causing severe limitations in his ability to walk and move.

7.      Defendant Soho Coffee Beans LLC does business under the name Haraz Coffee House and, together with defendant Tashikan Corporation, owns, operates, and/or leases the commercial space located at 210 Spring Street, New York, NY 10012 ("the Premises"). At all relevant times defendants have operated a place of public accommodation at the Premises, and each entity is authorized to conduct business in New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      Defendants each qualify as owners, operators, lessors, or lessees of a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181 and 28 C.F.R. § 36.104, as well

as under the New York State Human Rights Law and the New York City Human Rights Law. The Premises is a public accommodation because it is a privately operated facility open to the public and engaged in commerce.

9. The Premises contains numerous architectural barriers that deny and restrict access to plaintiff and other individuals with disabilities. On information and belief, the building was designed and constructed for first occupancy after January 26, 1993. On further information and belief, defendants have made alterations to the Premises after January 1992, including in areas connected to or adjoining the subject property.

10. Plaintiff is a New York City resident who travels throughout the city regularly. Despite being paralyzed from the waist down, he remains able to drive using a car equipped with hand controls, which allows him to independently access neighborhoods across the city. Plaintiff frequents the area where the Premises is located for dining, shopping, visiting with family and friends, and other ordinary activities.

11. On or about July 22, 2025, plaintiff attempted to enter the Premises to purchase coffee and pastries, including the green tea and specialty baked goods for which the café is known. He was unable to do so because of physical barriers at the entrance. Specifically, he encountered a raised step at the main entryway, with no ramp or other accessible route and no buzzer or other mechanism to summon assistance from inside. The experience left him feeling humiliated and excluded.

12. Although deterred by these barriers, plaintiff intends to return to the Premises once it becomes accessible. The establishment is located less than an hour from his residence and offers products and services he would like to enjoy.

13. The goods, services, facilities, and spaces within the Premises are not accessible or usable by plaintiff as required by the 1991 ADA Standards for Accessible Design

3

and the 2010 Standards for Accessible Design. The defendants' failure to comply with these federal standards, as well as the New York City Administrative Code, the Building Code of the City of New York, and the 2014 New York City Construction Code, denies plaintiff equal access.

14. Among the barriers present are:

A. Plaintiff encountered an inaccessible entrance, including a step without an accessible route, ramp, or compliant means of egress. Changes in level greater than one-half inch were not ramped, in violation of governing accessibility standards.

B. Inside, dining tables lacked the required knee and toe clearance, and defendants failed to provide the minimum percentage of accessible dining surfaces mandated by law.

C. The bar also exceeded the maximum permissible counter height and lacked proper knee and toe clearance. Defendants failed to ensure that at least a portion of the bar was accessible to wheelchair users.

15. The barriers listed above are not exhaustive; plaintiff believes that a full inspection will reveal additional violations of accessibility requirements throughout the Premises. To prevent piecemeal litigation and to remedy all discriminatory conditions, plaintiff will seek leave to amend this complaint after a full inspection has been conducted.

16. Because of these barriers, plaintiff was denied the opportunity to equally participate in and benefit from the goods and services defendants offer to the public. Defendants failed to adopt or enforce policies and practices that ensure accessibility, and they have not provided reasonable accommodations or modifications for individuals with disabilities.

17. As a result, plaintiff faces an ongoing and credible threat of continued

discrimination so long as the barriers remain. He regularly visits the neighborhood where the Premises is located and intends to return to the café when it becomes fully accessible.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

18. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

19. Plaintiff is substantially limited in the major life activities of walking and mobility and therefore qualifies as an individual with a disability under the ADA. As a direct consequence of his disability, he relies on a wheelchair and has limited range of motion.

20. Both a landlord and a tenant who operate a place of public accommodation are jointly and severally liable under the ADA. 28 C.F.R. § 36.201(b). Neither party can shift its responsibility for compliance to the other by way of a lease or other agreement.

21. Defendants have subjected plaintiff to discrimination by denying him full and equal access to their café. Their practices and policies have resulted in disparate treatment and have had a disparate impact on him because of his disability. By failing to make their facility accessible, defendants effectively communicated that people with disabilities are not welcome at their establishment.

22. Defendants designed, constructed, and/or altered the Premises in ways that failed to comply with the 1991 Standards or the 2010 Standards, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1). Their facility is not fully accessible and does not provide equal and integrated use as required by 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

23. When alterations were made to the Premises, defendants failed to ensure that the altered areas, and the associated paths of travel, were accessible to the maximum extent

feasible, as required by 28 C.F.R. §§ 36.402, 36.403, and 36.406.

24. Defendants have also violated 28 C.F.R. § 36.304 by failing to remove readily achievable barriers to access. Making the Premises accessible is readily achievable and would not impose an undue burden. By refusing to take such steps, defendants discriminated against plaintiff under 42 U.S.C. § 12182(a) and (b)(2)(A)(iv).

25. In the alternative, defendants failed to provide reasonable alternative measures to ensure access, as required by 28 C.F.R. § 36.305.

26. These failures amount to a pattern and practice of discrimination against individuals with disabilities, in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. Part 36. Defendants continue to maintain and operate an inaccessible facility, thereby perpetuating discrimination against plaintiff.

## SECOND CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

27. Plaintiff repeats and incorporates the allegations set forth above as if fully stated herein.

28. Plaintiff suffers from medical conditions that impair normal bodily functions, particularly walking and mobility, and therefore qualifies as a person with a disability under New York Executive Law § 296(21).

29. Defendants subjected plaintiff to unequal treatment by denying him the same opportunity to access and use their public accommodation as non-disabled patrons. By maintaining architectural barriers, they discriminated against plaintiff in violation of Executive Law § 296(2). Each defendant aided and abetted the other in perpetuating this discrimination.

30. Defendants failed to remove barriers to access where it would have been readily achievable to do so, in violation of Executive Law § 296(2)(c)(iii). In the alternative,

defendants failed to provide plaintiff with reasonable alternatives to barrier removal as required by § 296(2)(c)(iv).

31. Making the Premises fully accessible would not impose an undue hardship or burden on defendants. Their refusal to comply with these requirements has caused plaintiff to experience emotional distress, including humiliation, embarrassment, stress, and anxiety.

32. As a direct result of defendants' unlawful conduct, plaintiff has suffered damages and will continue to suffer harm, with the amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

33. Plaintiff repeats and incorporates the prior allegations as though fully set forth herein.

34. Plaintiff's medical conditions substantially limit his mobility and bodily functions, placing him within the definition of disability under the New York City Administrative Code § 8-102(16).

35. The Local Civil Rights Restoration Act of 2005, Local Law 85, amended the Administrative Code to clarify that it must be interpreted independently and liberally to achieve its broad remedial purposes, regardless of how federal or state anti-discrimination statutes are construed.

36. Defendants have subjected plaintiff to both disparate treatment and disparate impact by directly and indirectly withholding the accommodations, services, and benefits of their public accommodation because of disability, in violation of Administrative Code § 8-107(4). Each defendant has aided and abetted the other in these violations.

37. Defendants designed, constructed, created, and maintained a public accommodation that is not accessible, in violation of Administrative Code § 8-107(4) and Local Law 58. By continuing to operate their café in a non-compliant state, they have

reinforced a message that disabled patrons are unwelcome.

38. As a result of defendants' ongoing noncompliance, plaintiff has experienced emotional harm, including humiliation, stress, and embarrassment. On information and belief, defendants' refusal to comply with long-standing accessibility laws has been deliberate and reckless, showing willful disregard for plaintiff's rights.

39. Defendants have engaged in discrimination with willful or wanton negligence, conscious disregard, or conduct so reckless as to warrant punitive damages under Administrative Code § 8-502.

40. By avoiding the costs of compliance, defendants have unlawfully profited from their discriminatory practices, collecting revenues from a non-compliant facility while failing to invest in accessibility. Equity requires that these profits, plus interest, be disgorged.

41. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

42. Plaintiff repeats and incorporates the foregoing allegations as though fully set forth herein.

43. By discriminating against plaintiff in violation of the New York State Human Rights Law, defendants have also violated the New York State Civil Rights Law. As a consequence, plaintiff is entitled to the statutory penalties provided under Civil Rights Law §§ 40-c and 40-d for each violation.

## INJUNCTIVE RELIEF

44. Plaintiff continues to face discrimination as a result of defendants' failure to comply with federal, state, and city accessibility laws. Injunctive relief is necessary to compel defendants to

modify their facility, operations, policies, and practices to bring them into compliance.

45. Such relief is required to ensure that defendants' public accommodation is readily accessible and usable by plaintiff in accordance with the ADA, the New York State Executive Law, and the New York City Administrative Code.

46. Injunctive relief is also necessary to require defendants to provide auxiliary aids and services, modify existing policies, and adopt alternative methods of compliance consistent with the ADA, the Executive Law, and the Administrative Code.

### DECLARATORY RELIEF

47. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

### ATTORNEY'S FEES, EXPENSES AND COSTS

48. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 22, 2025
Manhasset, New York                Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com

10